IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATONYA CHRISTION-HUNT, ON BEHALF OF HERSELF AND ALL OTHER PLAINTIFFS SIMILARLY SITUATED, KNOWN AND UNKNOWN <br><br> Plaintiff, <br><br> v. <br><br> ANALYTICAL INSTRUMENTS, INC, AN ILLINOIS CORPORATION AND JUAN JOSE AYALA, INDIVIDUALLY <br><br> Defendants. | No. 1:21-cv- <br><br> **Hon.** <br> **District Court Judge** <br><br> Hon. <br> Magistrate Judge <br><br> *JURY DEMAND* |

## COMPLAINT

NOW COMES Plaintiff, **LATONYA CHRISTION-HUNT,** ("Plaintiff"), on behalf of herself and all other plaintiffs similarly situated, known and unknown, by and through her attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM, and for her Complaint against Defendants, **ANALYTICAL INSTRUMENTS, INC. AND JUAN JOSE AYALA** (each a "Defendant", collectively the "Defendants"), states as follows:

**I.    NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq*, and the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago.

**II.    JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois and municipal statutory claims,

pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

### III.    THE PARTIES

3.     Defendant, **ANALYTICAL INSTRUMENTS, INC** ("AII.") is a corporation that owns and operates a business which manufactures and supplies petroleum equipment. AII maintains a facility located at 2787 Fulton St. in Chicago, Illinois. AII is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii). During all relevant times, AII was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4.     Defendant, **JUAN JOSE AYALA,** ("Ayala") is the owner and president of AII. In his capacity as the owner and president of AII, Ayala was vested with the authority to implement and carry out the wage and hour practices of AII. Plaintiff was directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to Ayala and Ayala in turn responded to those communications subject to his authority described above. Thus, at all times relevant hereto, Ayala was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore as defined under both the federal and state statutes relied upon, is an "employer".

5.     Plaintiff, **LATYONA CHRISTION-HUNT** (hereinafter referred to as "Plaintiff") is a former employee of Defendants who, from approximately February 2019 and September

2021, was employed by Defendants at their Chicago location as a Purchasing Coordinator and Warehouse Supervisor. Despite AII's designation of Plaintiff as a "coordinator" and "supervisor", Plaintiff performed exclusively non-exempt manual labor work and similar tasks for Defendants, as assigned by Ayala. Plaintiff did not supervise any other employees nor use independent discretion and judgment with regard to matters of significance within areas concerning Defendant's primary business objectives. As a result, Plaintiff's job duties did not satisfy or support any available salary exemption. Plaintiff was misclassified as a salary-exempt employee and denied overtime compensation for hours worked over 40 per week. Additionally, Plaintiff was required to work through meal breaks on a regular and consistent basis but was not paid for such hours.

IV. **STATUTORY VIOLATIONS**

**Fair Labor Standards Act**

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

**Chicago Minimum Wage Ordinance**

8. Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiff herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V. FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

9. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendants' business.

10. Plaintiff was employed by Defendants at their Chicago location from approximately February 2019 until September 2021.

11. Plaintiff worked at Defendants' facility which was physically located within the City of Chicago. Throughout the duration of Plaintiff's employment, she worked at least two hours while physically present in the City of Chicago during individual two-week periods and was at all times "Covered Employee" as defined by the CMWO.

12. Defendants maintain a facility is physically located within the City of Chicago at the address of 2787 Fulton St., Chicago, Illinois. At this facility, Defendants employed and employ "Covered Employees", including Plaintiff, and as such was and are "Employers" as defined by the CMWO. Additionally, because Defendants were operating and engaging in manufacturing and wholesale retail sales within the City of Chicago, Defendants were and are subject to license requirements set forth by the Municipal Code of Chicago.

13. Upon information and belief, Defendants possessed proper license(s) to manufacture products and equipment, operate as a wholesale retailer and otherwise conduct business within the City of Chicago.

14. Upon information and belief, Defendants were subject to City of Chicago licensing requirements and thus possessed the required and proper license(s) to manufacture products and equipment, sell said products and otherwise conduct business within the City of Chicago. As such, Plaintiff, who worked in the City of Chicago at Defendants' Fulton Street facility duly located within the City of Chicago, was a Covered Employee working for a Covered Employer as defined by the CMWO and is entitled to the CMWO's protections.

15. During Plaintiff's entire employment with Defendants, Defendants paid Plaintiff by salary. Plaintiff's weekly salary was approximately $590.77.

16. Plaintiff was initially hired by Defendants to work in the warehouse as a forklift driver and warehouse worker assisting with shipping and receiving. However, after Plaintiff began her employment with Defendants gave Plaintiff the titles of Purchasing Coordinator and Warehouse Supervisor and provided her with a list of different job duties by which Defendants assigned Plaintiff exclusively non-exempt manual labor work and secretarial tasks.

17. Plaintiff's actual job duties, assigned by Defendants (including Ayala) included only non-exempt manual labor and custodial and secretarial duties including but not limited to, cleaning Defendants' warehouse, doing dishes and cleaning in the employee breakroom, pulling weeds growing around company property, answering phones for general inquiries, answering the door or visitors, physically packing, labeling and carrying boxes,

and basic data entry of invoices, shipments and company purchases (i.e., office supplies) in Microsoft Excel or QuickBooks.

18. Plaintiff was assigned daily scheduled hours of 8:30 a.m. to 5:00 p.m., which constituted Defendants' normal business hours. However, at the start of Plaintiff's employment, Plaintiff was informed by Defendants that because she was a salaried employee, she was required to work more than 40 hours each week. Plaintiff did indeed work in excess of 40 hours during most, if not all, weeks she was employed by Defendants.

19. As such, Plaintiff was always required to work in excess of her daily schedule. Typically, Plaintiff arrived at Defendants' facility no later than 7:30 a.m. and left no earlier than 5:30 p.m. Oftentimes Plaintiff worked even more hours both before and after her regular start and end times. Defendants did not use a time-keeping system of any kind to track the working hours of their employees, including Plaintiff.

20. Plaintiff was not afforded a regular meal break because Defendants required Plaintiff to be working at all times while on their premises. If Plaintiff did find time to attempt a meal break, she would be interrupted and required to report back to work. Plaintiff was not compensated for time worked during meal breaks. In most cases, the time worked during Plaintiff's meal breaks, had they been properly accounted for, would have counted as additional hours work in excess of 40 hours in individual work weeks.

21. Despite Defendants' use of the words "coordinator" and "supervisor" in Plaintiff's job titles, Plaintiff did not perform any job duties that would satisfy any salary exemption permitted by federal, state or local law.

22. As stated above, Plaintiff's job duties were a) solely non-exempt tasks (including manual labor and secretarial tasks) that b) did not involve any office work related

to the management or general operations of Defendants' business and c) did not permit Plaintiff to exercise any independent discretion or judgment as to matters of significance. Instead, Plaintiff performed only non-exempt duties under the exclusive direction of Defendants and their management employees, including Ayala. Further, Plaintiff did not supervise any subordinate employees in Defendants' warehouse or otherwise.

23. Additionally, even though Plaintiff was compensated on a salary basis, she was treated by Defendants as an hourly employee. If Plaintiff missed work (i.e., medical appointments, sick days), Defendants required Plaintiff to make up the missed hours by either arriving early or staying late outside of her scheduled shift and Defendants' normal operating hours. For this reason, Defendant Ayala did not count Plaintiff's hours worked through meals during her regular shifts as "make-up" hours. Plaintiff was required to stay on premises for a certain amount of time outside of Defendants' regular business hours to satisfy the "make up" hours requirement.

24. Defendant Ayala required Plaintiff to inform him, usually by email, as to what times Plaintiff worked her make up hours (i.e., 7:00 a.m. to 7:30 a.m. or 5:30 p.m. to 6:30 p.m.). Plaintiff was required to track and report these "make-up" hours to Defendants and Ayala, or risk disciplinary action or reduction of pay at a pro-rata, hourly amount based on the amount of working time missed and not properly "made up".

25. During her employment with Defendants, Plaintiff did not qualify for any of the salary exemptions permitted by the relevant statutes, including the administrative exemption, as Plaintiff performed exclusively non-exempt tasks, including manual labor, unrelated to Defendants' general business operations that did not permit Plaintiff to exercise independent discretion and judgment. Additionally, Plaintiff did not supervise any

subordinate employees, as required for the executive exemption. As a result, Plaintiff should have been a non-exempt hourly employee entitled to overtime premiums of one and one-half time her regular rate of pay for hours worked in excess of 40 in individual work weeks.

26. On numerous occasions during the course of Plaintiff's employment, Plaintiff questioned her salary compensation plan and exempt designation during conversations with Defendants – namely Ayala. Ayala informed Plaintiff that her pay structure was none of her concern and not to question her job duties. Defendants failed to make any remedial changes to Plaintiff's job duties or compensation.

27. As a result of Defendants' improper salary classification, Plaintiff did not receive overtime premiums of one and one-half her regular rate of pay, for hours worked in excess of 40 in individual work weeks.

28. Upon information, belief and personal knowledge of Plaintiff, all of Defendants' rank-and-file, non-management employees were also paid by salary, including employees that worked in Defendants' warehouse, lab, customer service and purchasing departments, etc. Additionally, these similarly situated employees were also required to "make-up" hours worked on top of their assigned schedules when absent.

29. Upon information, belief and personal knowledge of Plaintiff, these other salaried rank-and-file employees also exclusively performed a variety of non-exempt duties.

30. Defendants, upon information, belief and personal knowledge of Plaintiff, did not implement any time-keeping system and did not track the working hours of Plaintiff or other similarly situated employees.

31. Plaintiff, over the course of her entire employment with Defendants, was improperly classified as a salary exempt employee and denied time and one half her regular

rate of pay for hours worked over 40 in individual workweeks pursuant to the requirements of the federal, state and municipal statutes relied upon herein.

32. The total number of hours worked by Plaintiff, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of Defendants, in that Defendants recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent Defendants lack the records required by 29 CFR Part 516, Plaintiff will be capable of providing reasonable estimates of that time, as permitted by law.

33. The claims brought herein by the named Plaintiff are identical or similar to the claims of other past and present employees who were subject to the non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

34. The non-compliant practices as alleged herein were part of a variety of practices and policies implemented and maintained by Defendants and are common to a group or "class" of past and present employees. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

### VIOLATION OF FAIR LABOR STANDARDS ACT

1-34. Paragraphs 1 through 34 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 34 of this Count I.

35. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours per workweek in any week during the two (2) years preceding the filing of this action.

36. Defendants have, during certain times relevant hereto, failed and refused to pay compensation to their employees including the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the Fair Labor Standards Act; and,

(d) such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-36. Paragraphs 1 through 36 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 36 of Count II.

37. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policies and practices

were in violation of those statutes. Through legal counsel as well as industry experience and custom, Defendants possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

38. Pursuant to the Fair Labor Standards Act, Plaintiff and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding: back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    (a) prejudgment interest with respect to the amount of unpaid overtime compensation;

    (b) Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

    (c) such additional relief the Court deems appropriate under the circumstances.

### COUNT III

### LIQUIDATED DAMAGES
### UNDER THE FAIR LABOR STANDARDS ACT

1-38. Paragraphs 1 through 38 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 38 of Count III.

39. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or

reasonable grounds. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions relating to salary classification under the state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

40. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) liquidated damages equal to the amount of all unpaid compensation;

(b) Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c) such additional relief the Court deems appropriate under the circumstances.

### COUNT IV

### SUPPLEMENTAL STATE LAW CLAIM
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-40. Paragraphs 1 through 40 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 40 of this Count IV.

41. As described in the foregoing paragraphs, Defendant's compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

42. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for (a) an additional statutory interest penalty of 2% amount of the amount of such underpayments for each month following the date such underpayments that remain unpaid through February 18, 2019 and

(b) treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments each month for damages incurred thereafter.

43. Defendants' failure to pay compensation as described above, has been willful and/or in bad faith.

44. Plaintiff seeks certification of the Illinois Minimum Wage Law violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-44. Paragraphs 1 through 44 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 44 of this Count V.

45. Plaintiff, and members of the Plaintiff Class, are each an "employee" under the CMWO§ 1-24-10 of the Municipal Code of Chicago and not exempt from the overtime wage provisions of the CMWO § 1-24-050.

46. Defendant is an "employer" as defined in the CMWO§ 1-24-10.

47. Under § 1-24-040, for all weeks during which Plaintiff and members of the Plaintiff Class worked more than forty (40) hours in the three (3) years preceding the filing of this Complaint, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

48. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of § 1-24-040.

49. Plaintiff seeks certification of the Chicago Minimum Wage Ordinance violations alleged herein pursuant to Federal Rule of Civil Procedure 23.

WHEREFORE, Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a) Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff and members of the Plaintiff Class worked in excess of forty (40) hours per week;

(b) Statutory damages in the amount of three times the amount of unpaid overtime;

(c) Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

(d) Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*Electronically Filed 10/12/2021*

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 401
Chicago, IL 60604
(312) 853-1450

Attorneys for Plaintiff and those similarly situated, known and unknown