IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Latonya Christion-Hunt, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-5391 |
| | ) | |
| v. | ) | Judge Kness |
| | ) | Magistrate Judge Fuentes |
| Ayalytical Instruments, Inc., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **OPPOSED MOTION TO ENFORCE SETTLEMENT**

Defendants, by their counsel, hereby move this Court to enforce a negotiated settlement agreed upon by the parties and memorialized in writing, which the Plaintiffs now are refusing to sign, and in support thereof, state as follows:

1. This matter involves a claimed violation of the Fair Labor Standards Act.

2. On or about May 18, 2023, after the parties' counsels' engaged in extensive settlement negotiations, the parties reached an agreement in principle for amicable resolution. On that date, Plaintiffs' counsel filed a joint status report with the Court confirming the same:

> **Status of Settlement**
>
> The Parties are pleased to inform the Court that they have reached agreement in principle to resolve the case. At this time, Defendants are preparing a draft settlement agreement for Plaintiffs' review. The Parties request 30 days to finalize the settlement.

*See* Dkt. 53.

3. Thereafter, Defendant's counsel prepared an initial settlement draft, before Plaintiffs' counsel later proposed and prepared three separate settlement forms, one for each of the Plaintiffs. The parties' counsel exchanged numerous revisions to those drafts, and on August 16, 2023, Defendant's counsel ultimately accepted the drafts in final form.

4. On August 17, 2023, Plaintiffs' counsel filed a status report [Dkt. 58] with this Court confirming finalized drafts had been reached:

> **Status of Settlement**
>
> The Parties are pleased to inform the Court that they have reached agreement in principle to resolve the case. The Parties have finalized the settlement agreements and have distributed agreements to the Parties for signature. The Parties expect the agreements to be signed shortly.

5. After receiving the finalized forms, on August 22, 2023, Defendant's counsel provided Plaintiffs' counsel with signed copies of the settlements:



Copies of the signed agreements, with exchanged consideration terms redacted to maintain the confidential nature agreed upon, are attached as *Exhibit 1*.

6. Thereafter, Defendant's counsel followed up multiple times with Plaintiffs' counsel as to the status of his clients' signatures.

7. On September 19, 2023, Plaintiffs' counsel indicated that his clients are now refusing to sign the settlements, necessitating this Motion.

8.  A district court has the inherent power to enforce an agreement to settle a case pending before it. *Wilson v. Wilson*, 46 F. 3d 660, 664 (7th Cir. 1995). "A motion to enforce a settlement agreement is essentially the same as a motion to enforce a contract." *Allstate Financial Corp. v. Utility Trailer of Illinois., Inc.*, 936 F.Supp. 525, 528 (N.D. Ill. 1996).

9.  Here, there can be no dispute that the parties reached an agreement, which was fully memorialized and agreed upon. Critically, "[a] party to a settlement cannot avoid the agreement merely because he or she subsequently believes the settlement is insufficient." *Glass v. Rock Island Refining Corp.*, 788 F.2d 450, 454-55 (7th Cir. 1986). Indeed, "[i]f a party [that] previously authorized a settlement changes his [or her] mind … that party remains bound by the terms of the agreement." *Id.* (int. cit. omitted).

10. Based on the foregoing, the Court should therefore enforce the settlement. *See, e.g., Porter v. Chicago Bd. of Educ.*, 981 F.Supp. 1129 (N.D. Ill. 1997) (enforcing agreed-upon written settlement that plaintiff "refused to sign"); *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000) (holding attorney had authority to negotiate settlement that plaintiff client later refused to sign)

WHEREFORE, Defendants respectfully request this Court to enter an order requiring Plaintiffs to execute the settlement agreements signed by Defendant on August 22, 2023.

Dated:  October 4, 2023                                              Respectfully submitted,
                                                                                Defendants

                                                             By: /s/ Alexander D. Marks
                                                                     One of their attorneys

Christopher E. Kentra (ckentra@burkelaw.com)
Alexander D. Marks (amarks@burkelaw.com)
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, 21st Floor
Chicago, IL  60611
(312) 840-7000 (telephone)
(312) 840-7900 (facsimile)

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, states that on the 4th day of October 2023, he caused the foregoing Motion to Enforce Settlement Agreement to be filed electronically with the clerk of the United States District Court for the Northern District of Illinois, and to be served by the electronic filing service on all counsel of record.

                                                                          /s Alexander D. Marks

4873-8684-4548